**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 27, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.      2020AP1633-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CT906

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JACKY LEE,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DENNIS R. CIMPL, Judge. *Affirmed.*

¶1     DONALD, J.[1] Jacky Lee appeals a judgment of conviction, following a jury trial, for a second-offense operating a motor vehicle with a prohibited alcohol concentration.

¶2     On appeal, Lee contends that his due process rights were violated when the circuit court denied his request to provide a special instruction to the jury regarding the destruction of an intoximeter breath test video. In addition, Lee argues that the circuit court erred when it failed to bar the State from introducing maintenance records for the intoximeter machine and the certification records of the officer who operated the machine. As discussed below, we reject Lee's arguments and affirm.

## BACKGROUND

¶3     On November 25, 2017, Lee was arrested for operating while intoxicated. An intoximeter breath test was conducted, which showed that Lee's breath contained "0.10 grams of alcohol in 210 liters of breath."

¶4     On June 20, 2018, Lee was charged with second offense operating a motor vehicle while intoxicated and second offense operating with a prohibited alcohol concentration.

¶5     Prior to trial, Lee requested that a special jury instruction be provided to the jury because the video of the intoximeter test no longer existed. Lee explained that, according to the police department, an intoximeter video only "remains on their system for anywhere from 3-6 months, then it is

---

[1] This opinion is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

overwritten/destroyed to make room on the server unless a request is made … to preserve it." Lee stated that he did not have an opportunity to request the video of his test before it was destroyed because he was not charged until after the retention period. As a result, Lee requested that the court instruct the jury in pertinent part that:

> The failure of the [S]tate by the police to preserve such evidence is relevant to the issues presented here. In evaluating the credibility and weight of the evidence, you may consider the police failure to preserve the recording. From the fact that the police failed to preserve the recording, you may draw an adverse inference against the [S]tate, which may leave you with a reasonable doubt as to the defendant's guilt.

> The purpose of this duty is to protect a defendant's constitutional right to a fair trial by allowing defense counsel to examine all available evidence and present a defense. When you consider the testimony … you may consider that there may have been additional information in the video that may have been relevant to arguments and positions put forth by the defendant.

> When potential evidence, such as video documentation of the allegations against the defendant is not preserved by the police, one may infer that the potential import of that video would be unfavorable to the [S]tate's case.

The circuit court indicated that it would withhold ruling until the trial.

¶6 On the morning of the trial, the State turned over the maintenance records for the intoximeter machine. The defense stated that it had asked for this evidence three times and requested that the records be excluded due to the late disclosure. The circuit court denied the request. In addition, the circuit court stated that it would not give a special instruction regarding the missing video as part of the opening instructions.

¶7 At trial, the State called two witnesses. Officer Aron Bechler testified that he stopped Lee for driving over the speed limit. During the stop, Officer Bechler observed that Lee had "a faint to moderate" odor of alcohol coming from him and his eyes were "bloodshot and glassy." Officer Bechler asked Lee if he had anything to drink and Lee responded that he "had a couple, few earlier." After administrating field sobriety tests, Officer Bechler arrested Lee for operating while intoxicated.

¶8 Officer Heather Sandler testified that, at the police station, she administered the intoximeter breath test to Lee, which showed that his breath contained 0.10 grams of alcohol in 210 liters of breath. This was above the legal limit of 0.08. Officer Sandler testified that Lee initially provided an inadequate sample the first time, but after that he was able to provide two adequate samples.

¶9 During Officer Sandler's testimony, the State confirmed that she was certified to operate the intoximeter machine on November 25, 2017. The State then showed Officer Sandler an exhibit that was a copy of her current certification. The defense requested a side bar as the exhibit had not previously been turned over. Subsequently, the circuit court agreed to strike the exhibit because it was Officer Sandler's current certification, not her certification on the date of Lee's breath test.

¶10 After the State rested, the circuit court instructed the jury that the certification documentation was "being stricken" by the court because it was "not relevant." The circuit court also instructed the jury that Officer Sandler testified that she was certified, but "[y]ou just don't have any documentation to that effect."

¶11 The circuit court ultimately denied the defense's request for a special instruction regarding the destruction of the video because the police did not act in

"bad faith" and the video did not have "exculpatory value." The circuit court stated that "I don't see any law that says, in the spirit of fairness, that I have to do it; so I can't do it." The circuit court, however, indicated that Lee could argue about the absence of the video in closing argument, which the defense did.

¶12    The jury found Lee not guilty of operating while intoxicated, but guilty of operating with a prohibited alcohol concentration. This appeal follows.

## DISCUSSION

### I.    *Special jury instruction*

¶13    Lee first argues that his due process rights were violated when the circuit court "failed to instruct[] the jury on the spoliation of the video of the intoximeter test."[2]

¶14    "A circuit court has broad discretion in deciding whether to give a requested jury instruction." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996). "We will uphold a circuit court's discretionary decision if it examined the relevant facts of record, applied the correct legal standard and reached a conclusion that a reasonable judge could reach." *State v. Edmunds*, 229 Wis. 2d 67, 74, 598 N.W.2d 290 (Ct. App. 1999).

¶15    In this case, the circuit court did not erroneously exercise its discretion when it refused to give a special instruction regarding the destruction of

---

[2] Lee's initial brief also questions whether the circuit court erred "when it instructed the jury that intoximeters are scientifically sound," but does not develop any argument on this point. We will not address undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

the intoximeter video. A defendant's due process rights may be violated if the police: (1) failed to preserve evidence that is apparently exculpatory; or (2) acted in bad faith by failing to preserve potentially exculpatory evidence. *State v. Greenwold*, 189 Wis. 2d 59, 67, 525 N.W.2d 294 (Ct. App. 1994). Bad faith is shown where: "(1) the officers were aware of the potentially exculpatory value or usefulness of the evidence they failed to preserve; *and* (2) the officers acted with official animus or made a conscious effort to suppress exculpatory evidence." *Id.* at 69.

¶16 Lee argues that the intoximeter video had "potentially exculpatory" value. However, even if the video had potentially exculpatory value, as the circuit court found, Lee failed to show that the video was destroyed in bad faith. Rather, based on Lee's representations to the circuit court, the video was destroyed due to routine procedure. "Intentional destruction, without more, does not establish bad faith." *State v. Luedtke*, 2015 WI 42, ¶¶56, 62, 362 Wis. 2d 1, 863 N.W.2d 592. Thus, the circuit court properly denied Lee's request for a special instruction.

¶17 In addition, Lee was able to argue to the jury that the absence of the video created doubt as to the reliability of the intoximeter results. The jury, however, rejected this argument and found him guilty.

## II. Late discovery

¶18 Lee next argues that the circuit court erred when it failed to bar the State from introducing the intoximeter maintenance records and Officer Sandler's certification records.

¶19 Alleged discovery violations are evaluated in three steps. *State v. Rice*, 2008 WI App 10, ¶14, 307 Wis. 2d 335, 743 N.W.2d 517. First, we examine

whether the State violated the discovery statute, WIS. STAT. § 971.23. *Id.* Second, if a violation occurred, we determine whether the State has shown good cause for the failure to make a required disclosure. *Id.* Third, if the circuit court admitted evidence that should have been suppressed, we decide whether the admission of evidence was harmless. *Id.* Each step poses a question of law that we review without deference to the circuit court. *Id.*

¶20 Here, even if the maintenance records and the certification records were erroneously admitted, we conclude that any error was harmless. In the context of a discovery violation, our supreme court has stated that an error is harmless if "the State's nondisclosure of the evidence sufficiently undermines the court's confidence in the outcome of the judicial proceeding," or, alternatively, if "it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *State v. Harris*, 2008 WI 15, ¶¶42-43, 307 Wis. 2d 555, 745 N.W.2d 397 (citation omitted). Under either of these tests, we conclude that any error here was harmless.

¶21 Lee suggests that if the maintenance records had not been admitted at the trial, the State would not have been able to establish that the intoximeter was working properly. However, as the State points out, there was sufficient other evidence admitted at trial from which the jury could have concluded that the intoximeter machine was in proper working order. At trial, Officer Sandler testified that the intoximeter machine would have alerted her if it was out of service and that the machine conducts an internal diagnostic test "to make sure that all of the internal components were working properly[.]"

¶22 In regards to the certification records, the circuit court agreed to strike the records and instructed the jury to disregard them. Jurors are presumed to

follow instructions given by the circuit court, and Lee does not argue that there was any error in the circuit court's instruction. *See State v. LaCount*, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780.

¶23 Lee suggests that the circuit court erred by waiting to strike the certification records until after the State had rested. However, even if the circuit court erred in this respect, there was sufficient other evidence admitted at trial regarding Officer Sandler's qualifications to operate the intoximeter. Officer Sandler testified that she was certified on November 25, 2017, the date of Lee's breath test. In addition, Officer Sandler testified that she completed a specialized training program to operate the intoximeter. Based on Officer Sandler's testimony alone, the jury could have concluded that Officer Sandler was qualified to operate the intoximeter.

¶24 Thus, the delayed disclosure of the maintenance records and the certification records does not undermine our confidence in the outcome of the trial; it is clear beyond a reasonable doubt that a rational jury would have convicted Lee of operating with a prohibited alcohol concentration absent any error.

## CONCLUSION

¶25 In sum, we conclude that the circuit court properly denied Lee's request for a special instruction. In addition, we conclude that any error regarding the maintenance records and the certification records was harmless. Therefore, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.